# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: July 27, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| JEFFREY SCHAFER, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 16-593V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Damages Award; Proffer; Influenza ("Flu") |
| AND HUMAN SERVICES, | * | Vaccine; Shoulder Injury Related to Vaccine |
| | * | Administration ("SIRVA"). |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

Richard Gage, Richard Gage, P.C., Cheyenne, WY, for petitioner.
Jennifer Leigh Reynaud, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On May 19, 2016, Jeffrey Schafer ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2012).[2] Petitioner alleged that he suffered a right shoulder injury as

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2012). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

1

the result of an influenza ("flu") vaccination administered on October 15, 2014.[3]  Amended ("Am.") Petition at 1 (ECF No. 37).  On January 25, 2021, the undersigned issued a ruling finding petitioner entitled to compensation.  Ruling on Entitlement dated Jan. 25, 2021 (ECF No. 91).

On July 26, 2021, respondent filed a Proffer on Award of Compensation ("Proffer"), attached hereto as Appendix A.  In the Proffer, respondent represented that petitioner agrees with the proffered award.  Proffer at 2.  Based on the record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, the undersigned awards petitioner:

**(1) A lump sum payment of $45,000.00 in the form of a check made payable to petitioner, Jeffrey Schafer.**

Proffer at 2.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[4]

**IT IS SO ORDERED.**

                                                                       **s/Nora Beth Dorsey**
                                                                       Nora Beth Dorsey
                                                                       Special Master

---

[3] The amended petition alleges petitioner received his flu vaccination on October 6, 2014.  Am. Petition at 1.  However, petitioner's vaccination record indicates that petitioner received the vaccine on October 15, 2014.  Petitioner's Exhibit ("Pet. Ex.") 6.  Both petitioner and respondent also state petitioner received the flu vaccine on October 15, 2014, and thus the date of vaccination is not in dispute.  See Pet. Motion for Ruling on the Record ("Pet. Mot."), filed July 16, 2020, at 1 (ECF No. 80); Respondent's Response to Pet. Mot. ("Resp. Response"), filed Aug. 17, 2020, at 2 n.2 (ECF No. 81); see also Order Denying Respondent's Motion to Dismiss and Fact Ruling on Six Month Requirement dated Aug. 28, 2019 ("Fact Ruling") dated Aug. 28, 2019, at 1 n.3 (ECF No. 57).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JEFFREY SCHAFER, <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 16-593V <br> Special Master Dorsey <br> ECF |

**PROFFER ON AWARD OF DAMAGES**

On May 19, 2016, Jeffrey Schafer ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. Petitioner alleged that he suffered a left Shoulder Injury Related to Vaccine Administration ("SIRVA"),[1] resulting from an influenza ("flu") vaccination administered on October 6, 2014. Amended Petition at 2. On January 25, 2021, the Court issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 91.

**I.   Amount of Compensation**

Respondent now proffers that, based on the Court's entitlement decision and the evidence of record, petitioner should be awarded $45,000.00.[2] This lump sum payment represents all

---

[1] Petitioner amended his petition on March 19, 2018, to allege a Table injury. However, because this claim was filed prior to March 21, 2017, petitioner was required to proceed on a causation-in-fact claim. *See* 82 Fed. Reg. 6294 (Jan. 19, 2017) (to be codified at 42 C.F.R. Pt. 100).

[2] The parties have no objection to the amount of the proffered award of damages. Assuming the special master issues a damages decision in conformity with this proffer, the parties waive their right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's January 25, 2021 entitlement decision.

elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.   Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$45,000.00**, in the form of a check made payable to petitioner.[3] Petitioner agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

---

[3] Should petitioner die prior to the entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

2

|  |  |
|---|---|
|  | s/Jennifer L. Reynaud |
|  | JENNIFER L. REYNAUD |
|  | Trial Attorney |
|  | Torts Branch, Civil Division |
|  | U.S. Department of Justice |
|  | P.O. Box 146 |
|  | Benjamin Franklin Station |
|  | Washington, D.C.  20044-0146 |
|  | Tel: (202) 305-1586 |
| DATED:  July 26, 2021 | Jennifer.L.Reynaud@usdoj.gov |